UNITED STATES DISTRICT COURT
EASTERN DISTRICT: NEW YORK
-------------------------------------------------------------------X
WILLIAM BONILLA, and other similarly situated
current and former laborers,

|  |  |
|---|---|
| Plaintiff, | Case #: |
|  | **COMPLAINT** |
|  | **FLSA COLLECTIVE ACTION** |

-against-

OMNI RECYCLING OF BABYLON, INC.,
ANTHONY E. CORE, BRIAN
KNOLIS, and JUDINE FEDERICHIE,

                                        Defendant.
-------------------------------------------------------------------X

The plaintiff, WILLIAM BONILLA, and and other similarly situated current and former

nurses and tecnicians by its attorneys, The Law Office of Jason Tenenbaum, P.C., complaining of

the defendants herein, respectfully allege, upon information and belief, as follows:

## NATURE OF THE ACTION

1.       This is a civil action brought by Plaintiff(s) and all similarly situated current and

former nurses and tecnicians, to recover unpaid overtime compensation and earned wages under

the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL"). Plaintiff and the

collective class are current and former laborers, who have worked for OMNI RECYCLING OF

BABYLON, INC, ("Corporate Defendant") by and through Anthony E. Core and Brian Knolis and

Judine Federichie ("Individual Defendants").

2.       Plaintiff(s) brings this action on behalf of Plaintiff(s) and all similarly situated

current and former non-exempt workers who elect to opt-in to this action pursuant to the FLSA,

29 U.S.C. §§ 201 et seq., and specifically, the collective action provision of 29 U.S.C. § 216(b),

to remedy violations of the wage-and-hour provisions of the FLSA that occurred at 114 Alder St,

West Babylon, NY 11704.

3.      These entities, upon information and belief, also had day to day decision making with the hiring, firing and supervising of doormen/concierge.

4.      OMNI RECYCLING OF BABYLON, INC., is owned and managed by Defendants Anthony E. Core, Brian Knolis and Judine Federichie, with a principle office at 114 Alder St, West Babylon, NY 11704.

5.      Plaintiff(s) and the FLSA collective also bring this action under the Wage Theft Protection Act, for Defendants' failure to provide written notice of wage rates in violation of said laws.

6.      Plaintiff(s) and the FLSA collective also bring this action under Labor Law § 193 due to unlawful deductions from the paychecks of the FLSA collective.

7.      Plaintiff(s) and the FLSA collective class seek injunctive and declaratory relief against Defendants for their unlawful actions, compensation for their failure to pay overtime wages and earned wages, compensation for wages that were illegally deducted and liquidated damages, compensatory damages, prejudgment and post-judgment interest, and attorneys' fees and costs, pursuant to the FLSA and NYLL.

## JURISDICTION AND VENUE

8.      This Court has jurisdiction over this action under 28 U.S.C. § 1331, 29 U.S.C. §§ 216(b)(c), and 217; and 28 U.S.C. § 1337.

9.      This Court has supplemental jurisdiction over the New York state law claims under the principles of pendent and ancillary jurisdiction.

10.      Venue is proper in this district under 28 U.S.C. § 1391(b)(c), because all or a substantial part of the events or omissions giving rise to the claims occurred herein.

## PARTIES

11.     Plaintiff WILLIAM BONILLA is an individual and currently resides at 227 Linden Avenue, Westbury, NY 11590.

12.     Defendant OMNI RECYCLING OF BABYLON, INC., is a corporation and resides at 114 Alder St, West Babylon, NY 11704.

13.     Defendant OMNI RECYCLING OF BABYLON, INC., is a foreign limited liability corporation licensed to transact in the State of New York and resides at 114 Alder St, West Babylon, NY 11704.

14.     Defendant Anthony E. Core is located at 114 Alder St, West Babylon, NY 11704.

15.     Defendant Brian Knolis is located at 114 Alder St, West Babylon, NY 11704.

16.     Defendant Judine Federichie is located at 114 Alder St, West Babylon, NY 11704.

17.     At all times relevant to this action, OMNI RECYCLING OF BABYLON, INC., was owned, managed, suprervised or otherwised controlled by Anthony E. Core, Brian Knolis and Judine Federichie and was an "enterprise engaged in interstate commerce" within the meaning of the FLSA.

18.     On information and belief, OMNI RECYCLING OF BABYLON, INC. has (1) employees engaged in commerce or in the production of goods for commerce and handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person; and (2) an annual gross volume of sales in excess of $500,000.00.

19.     On information and belief,  for approximately the last twenty (20) years, Defendants Anthony E. Core, Brian Knolis and Judine Federichie have owned, managed, maintained, controlled and/or and oversaw the direction of OMNI RECYCLING OF BABYLON, INC.

20.     Defendants Anthony E. Core, Brian Knolis and Judine Federichie are persons engaged in business in Suffolk, and are being sued individually in his/her/their capacity as an owner, officer, and agent of OMNI RECYCLING OF BABYLON, INC.

21.     Defendants exercised sufficient control over this corporate entity to be considered Plaintiff's employer under the FLSA and the NYLL, and at all times material hereto said Defendant had the authority to hire and fire employees and established and maintained policies regarding the pay practices at OMNI RECYCLING OF BABYLON, INC. and for all personnel.

## COLLECTIVE ACTION ALLEGATIONS

22.     The claims in this Complaint arising out of the FLSA are brought by Plaintiff on behalf of Plaintiff(s) and other similarly situated persons who are current and former employees of Defendants since the date three years prior to the filing of this Complaint who elect to opt-in to this action (the "FLSA Collective").

23.     The FLSA Collective consists of numerous similarly situated current and former laborers at OMNI RECYCLING OF BABYLON, INC. who have been victims of Defendants' common policy and practices that have violated their rights under the FLSA by, inter alia, willfully denying them overtime wages.

24.     As part of its regular business practice, Defendants have intentionally, willfully and repeatedly harmed Plaintiff and the FLSA Collective by engaging in a pattern and/or policy of violating the FLSA. This policy and/or policy includes, inter alia, the following:

(a) Failing to pay employees the applicable overtime rate for all time worked in excess of forty (40) hours per week;

(b) Failing to keep accurate records of hours worked by employees as required by the FLSA and NYLL.

4

25.    Defendants have engaged in their unlawful conduct pursuant to a corporate policy of minimizing labor costs and denying employees compensation. Defendants' unlawful conduct has been intentional, willful and in bad faith, and has caused significant damage to Plaintiff and the FLSA Collective.

26.    The FLSA Collective would benefit from the issuance of a court-supervised notice of the present lawsuit and the opportunity to join the present lawsuit. Those similarly situated employees are known to Defendants, are readily identifiable and locatable through their records. These similarly situated employees should be notified of and allowed to opt into this action, pursuant to 29 U.S.C. § 216(b).

27.    The positions of laborer is not exempt and has never been exempt. Laborers are not paid overtime for all hours worked in excess of forty (40) hours per week.

28.    The FLSA and NYLL require that employers pay all employees at least one and one half (1.5) times the employee's wage for all hours worked in excess of 40 during any workweek, unless they are exempt from coverage.

29.    Defendants failed to compensate Plaintiff and members of the FLSA Collective at one and one-half times the employee's wage for all hours worked in excess of 40 during any workweek. The exact accounting of such discrepancy can only be determined upon completion of discovery.

30.    Plaintiff and members of the FLSA Collective were not given notice containing the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal or lodging allowances; the regular pay day designated by the employer in accordance with NYLL § 195(1); and any anything otherwise required by law.

31.     Defendants paid Plaintiff and members of the FLSA Collective wages without any accompanying statement listing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission or other; the regular hourly rate or rates of pay; the overtime hours worked; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; and net wages in accordance with NYLL § 195(3).

32.     Defendants also have a practice and procedure of compelling employees to pay monies originally paid to the affected employees directly to other concierge staff for hours that other concierge staff works instead of the original on shift employee.  New York Labor Law 193(c) is specific regarding the procedure that must be followed in order to deduct wage overpayments. This has not been done and has never been done in this case, and Plaintiff FLSA collective has been damaged in the sum of the forced wage deductions.

### FACTS OF THE MATTER

33.     Plaintiff at all times was a laborer.

34.     On or about October 1992 and extending through August 21 2018, Plaintiff began working for Defendants and was therein terminated.

35.     The regular hours Plaintiff worked for Defendants was from 6:00AM until 4:00 PM, Monday through Friday.  Plaintiff would work an additional eight (8) hours on the weekend.

36.     The rate of pay Plaintiff received from 2013 onward was $30.00 per hour.

37.     Plaintiff was never paid time and one half for all hours worked in excess of forty (40) per week.

38.     Plaintiff never received a wage notification form as New York State Law requires.

39.     Plaintiff never received an accurate pay checks since he was not paid time and one-half for work in excess of 40-hours per week.

40.     The job Plaintiff held included demolition, excavating and repairing of properties,

41.     On August 21, 2018, Plaintiff stopped working for Defendants.

**FIRST CAUSE OF ACTION**
**Fair Labor Standards Act-Overtime Wages**
**(Brought on behalf of Plaintiff and the FLSA Collective Plaintiffs)**

42.     Plaintiff, on behalf of herself and the FLSA Collective Plaintiffs, re-alleges and incorporates by reference all allegations in all preceding paragraphs.

43.     The overtime wage provisions set forth in the FLSA, 29 U.S.C. §§ 201 et seq., and the supporting federal regulations, apply to Defendants and protect Plaintiff and the FLSA Collective Plaintiffs.

44.     Plaintiff and the FLSA Collective Plaintiffs worked in excess of forty hours during some workweeks in the relevant period.

45.     Defendants willfully failed to pay Plaintiff and the FLSA Collective Plaintiffs the appropriate overtime premiums for all hours worked in excess of 40 hours per workweek, as required by the FLSA, 29 U.S.C. §§ 201 et seq., and the supporting federal regulations.

46.     Defendants' unlawful conduct, as described in this Complaint, has been willful and intentional. Defendants are aware or should have been aware that the practices described in this Complaint were unlawful. Defendants have not made a good faith effort to comply with the FLSA with respect to the compensation of Plaintiff and the FLSA Collective Plaintiffs.

47.     Because Defendants' violations of the FLSA have been willful, a three year statute of limitations applies, pursuant to 29 U.S.C. §§ 201 *et seq*.

48.     As a result of Defendants' willful violations of the FLSA, Plaintiff and the FLSA Collective Plaintiffs have been deprived of overtime compensation in amounts to be determined at

trial, and are entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs and other compensation pursuant to 29 U.S.C. §§ 201 *et seq.*

## AS AND FOR A SECOND CAUSE OF ACTION BY PLAINTIFF INDIVIDUALLY AGAINST ALL DEFENDANTS
### New York Labor Law-Unpaid Overtime
### (Brought on behalf of Plaintiff)

49.     Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

50.     Defendants failed to pay Plaintiff the proper overtime wages to which he is entitled under the NYLL and the supporting New York State Department of Labor Regulations.

51.     Defendants failed to pay Plaintiff one and one-half times the full minimum wage for all work in excess of forty hours per workweek.

52.     Through their knowing or intentional failure to pay Plaintiff overtime wages for hours works worked in excess of forty hours per workweek, Defendants have willfully violated the NYLL, Article 19, §§ 650 et seq., and the supporting New York State Department of Labor Regulations.

53.     Due to Defendants' willful violations of the NYLL, Plaintiff is entitled to recover from Defendants his unpaid overtime wages, liquidated damages as provided for by the NYLL, reasonable attorneys' fees, costs and pre-judgment and post-judgment interest.

## AS AND FOR A THIRD CAUSE OF ACTION BY PLAINTIFF INDIVIDUALLY AGAINST ALL DEFENDANTS
### New York Labor Law – Failure to Provide Annual Wage Notices
### (Brought on behalf of Plaintiff)

54.     Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

55.     Defendants have willfully failed to supply Plaintiff with wage notices, as required by NYLL, Article 6, § 195(1), in English or in the language identified by Plaintiff in his primary language, containing Plaintiff's rate or rates of pay and basis thereof, whether paid by the hour, shift, day week, salary, piece, commission, or other; hourly rate or rates of pay and overtime rate or rates of pay if applicable; the regular pay day designated by the employer in accordance with NYLL, Article 6, § 191; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer; plus such other information as the commissioner deems material and necessary.

56.     Through their knowing or intentional failure to provide Plaintiff with the wage notices required by the NYLL, Defendants have willfully violated NYLL, Article 6, §§ 190 et seq., and the supporting New York State Department of Labor Relations.

57.     Due to Defendants' willful violations of NYLL, Article 6, § 195(1), Plaintiff is entitled to statutory penalties of fifty dollars for each workweek before December 29, 2014 and fifty dollars for each workday after December 29, 2014 that Defendants failed to provide Plaintiff and the FLSA Collective with a wage notice, or a total of five thousand dollars, reasonable attorneys' fees, costs and injunctive and declaratory relief, as provided for by the NYLL, Article 6, § 198(1-b).

### AS AND FOR A FOURTH CAUSE OF ACTION BY PLAINTIFF INDIVIDUALLY AGAINST ALL DEFENDANTS
**New York Labor Law-Failure to Provide Wage Statements**
**(Brought on behalf of Plaintiff)**

58.     Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

59.     Defendants have willfully failed to supply Plaintiff with accurate statements of

9

wages as required by NYLL, Article 6, § 195(3), containing the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; hourly rate or rates of pay and overtime rate or rates of pay if applicable; the number of hours worked, including overtime hours worked if applicable; deductions; and net wages.

60.     Through their knowing or intentional failure to provide Plaintiff with the wage statements required by the NYLL, Defendants have willfully violated NYLL, Article 6, §§ 190 et seq., and the supporting New York State Department of Labor Regulations.

61.     Due to Defendants' willful violations of NYLL, Article 6, § 195(3), Plaintiff is entitled to statutory penalties of one hundred dollars for each workweek before December 29, 2014 and two hundred fifty dollars for each workday after December 29, 2014 that Defendants failed to provide Plaintiff and the FLSA Collective with accurate wage statements, or a total of five thousand dollars, reasonable attorneys' fees, costs and injunctive and declaratory relief, as provided for by NYLL, Article 6, § 198(1-d).

### AS AND FOR A FIFTH CAUSE OF ACTION BY PLAINTIFF INDIVIDUALLY AGAINST ALL DEFENDANTS
**Unlawful wage deductions in Violation of NYLL**
**§193 (Against all Defendants)**

62.     Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

63.     NYLL, Article 6, §193 states: "No employer shall make any deduction from the  wages of an employee…."

64.     Defendants knowingly deducted wages from Plaintiff that it was not entitled to  deduct under the NYLL and the supporting New York State Department of Labor Regulations.

65.     Through their knowing or intentional conduct, Defendants have willfully violated the NYLL, Article 6, §§ 193 et seq., and the supporting New York State Department of Labor Regulations.

66.     Due to Defendants' willful violations of the NYLL, Plaintiff is entitled to recover from Defendants his unpaid wages, liquidated damages as provided for by the NYLL, reasonable attorneys' fees, costs and pre-judgment and post-judgment interest.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff prays for the entry of an order and judgment against the Defendants. jointly and severally, as follows:

a) Designation of this action as a collective action on behalf of the FLSA Collective Members (asserting FLSA claims and state claims) and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the FLSA opt-in class, apprising them of the pendency of this action, and permitting them to assert timely FLSA claims and state claims in this action by filing individual Consent to Sue forms pursuant to 29 U.S.C. § 216(b);

b) Damages for the unpaid overtime wages due to Plaintiff and the FLSA Collective, in an amount to be determined at the trial of this action, liquidated damages as provided by the FLSA, interest, attorneys' fees, and the cost of this action;

c) Damages for the unpaid overtime wages due to Plaintiff, in an amount to be determined at the trial of this action, liquidated damages as provided by the NYLL, interest, attorneys' fees, and the cost of this action;

d) Penalties of fifty dollars for each workweek before December 29, 2014 and fifty dollars for each workday after December 29, 2014 that Defendants failed to provide Plaintiff and the

FLSA Collective with a wage notice, or a total of five thousand dollars, as provided for by NYLL, Article 6, § 198;

e) Penalties of one hundred dollars for each workweek before December 29, 2014 and two hundred fifty dollars for each workday after December 29, 2014 that Defendants failed to provide Plaintiff and the FLSA Collective with accurate wage statements, or a total of five thousand dollars as provided for by NYLL, Article 6, § 198;

f) Awarding damages as a result of Defendants' failure to furnish a notice at the time of hiring pursuant to NYLL;

g) Awarding damages as a result of Defendants unlawful deductions of wages, pursuant to NYLL Section 193;

h) Punitive Damages

i) For prejudgment interest on the foregoing amounts;

j) For the costs and disbursements of this action, including attorneys' fees; and

k) For such other further and different relief as this Court deems just and proper.

Dated:        Garden City, New York
              February 25, 2019

                                                Yours, etc.,

                                                /s/ Jason Tenenbaum

                                                The Law Office of Jason Tenenbaum P.C.
                                                Attorneys for Plaintiff
                                                595 Stewart Avenue, Suite 400
                                                Garden City, New York 11750
                                                (516) 750-0595

To:

              OMNI RECYCLING OF BABYLON, INC.,
              114 Adler Street
              West Babylon, NY 11704

ANTHONY E. CORE
114 Adler Street
West Babylon, NY 11704

BRIAN KNOLIS
114 Adler Street
West Babylon, NY 11704

JUDINE FEDERICHIE
114 Adler Street
West Babylon, NY 11704

UNITED STATES DISTRICT COURT
EASTERN DISTRICT: NEW YORK
 Case #:
_____

WILLIAM BONILLA, and other similarly situated
current and former laborers,

                         Plaintiff(s),

     -against-

OMNI RECYCLING OF BABYLON, INC.,
ANTHONY E. CORE, BRIAN
KNOLIS, and JUDINE FEDERICHIE,

                         Defendant(s).
_____

## SUMMONS AND COMPLAINT

The Law Office of Jason Tenenbaum P.C.
Attorneys for Plaintiff
595 Stewart Avenue, Suite 400
Garden City, New York 11750
(516) 750-0595

Service of a copy of the within ^ is hereby admitted

Dated,
^

.........................................................................

                         Attorney(s) for ^
_____

Please take notice
☐ Notice of entry
that the within is a (*certified*) true copy of a _____duly entered in the office of the clerk of the
within named court on _____
☐Notice of Settlement
that an order ^ of which the within is a true copy will be presented for _____ settlement to the
HON. _____ one of the judges of the within named court, at _____ on
_____

Dated: Garden City, New York         Yours, etc.
                                     **The Law Office of Jason Tenenbaum, P.C.**
                                     Attorneys for Plaintiff
                                     595 Stewart Avenue, Suite 400
                                     Garden City, New York 11530
                                     (516) 750-0595