UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
_____ x
WILLIAM BONILLA, and other similarly situated
Current and further laborers,
      Plaintiff,

                ANSWER
  -against-           Civil Action No.: 19-CV-1288
                (SJF)(GRB)

OMNI RECYCLING OF BABYLON, INC.,
ANTHONY E. CORE, BRIAN KNOLIS,
and JUDINE FEDERICHE,
      Defendants.
_____ x

  Defendants Omni Recycling of Babylon, Inc., Anthony E. Core, Brian Knolis, and Judine Federiche by and through undersigned counsel, answer the Complaint as follows:

1. Deny the allegations in paragraphs 1, 2, 3, 4, 5, and 6 of the Complaint.

2. Deny the allegations in paragraph 7 of the Complaint except admit that the Plaintiff seeks the relief provided in this paragraph.

3. Deny the allegations in paragraph 8 of the Complaint except admit that the Court has jurisdiction under 28 U.S.C. § 1331.

4. Deny the allegations in paragraph 9 of the Complaint.

5. Deny the allegations in paragraph 10 of the Complaint except admit that venue is proper in this district.

6. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 11 except admit that William Bonilla is an individual.

7. Admit the allegations in paragraph 12 of the Complaint.

8. Deny the allegations in paragraphs 13 and 14 of the Complaint.

9. Deny the allegations in paragraph 15 of the Complaint except admit that Brian Knolis works at 114 Alder St., West Babylon, NY 11704.

10. Deny the allegations in paragraph 16 of the Complaint except admit that Judine Federichie works at 114 Alder St., West Babylon, NY 11704.

11. Deny the allegations in paragraph 17 of the Complaint.

12. Deny the allegations in paragraph 18 except admit that the annual gross volume of sales is in excess of $500,000.00.

13. Deny the allegations in paragraphs 19, 20, 21, 22, 23, 24, 25, 26, and 27 of the Complaint.

14. Defendants submit a response is not required to paragraph 28 of the Complaint and refer the Court to the statutes but to the extent an answer is required, Defendants deny the allegations.

15. Deny the allegations in paragraph 29, 30, 31, 32, and 33 of the Complaint.

16. Deny the allegations in paragraph 34 of the Complaint except admit that Plaintiff was employed by Defendant Omni Recycling of Babylon, Inc.

17. Deny the allegations in paragraph 35, 36, 37, 38, 39 and 40 of the Complaint.

18. Deny the allegations in paragraph 41 of the Complaint except admit that Plaintiff stopped working for Defendant Omni Recycling of Babylon, Inc. in August 2018.

19. As to the allegations contained in paragraph 42 of the Complaint, Defendants repeat and re-allege each and every response to the allegations in paragraphs 1-41 of the Complaint heretofore provided as if set forth at length herein.

20. Deny the allegations in paragraph 43, 44, 45, 46, 47, and 48 of the Complaint.

21. As to the allegations contained in paragraph 49 of the Complaint, Defendants repeat and re-allege each and every response to the allegations in paragraphs 1-48 of the Complaint heretofore provided as if set forth at length herein.

22. Deny the allegations on paragraphs 50, 51, 52, and 53 of the Complaint.

23. As to the allegations contained in paragraph 54 of the Complaint, Defendants repeat and re-allege each and every response to the allegations in paragraphs 1-53 of the Complaint heretofore provided as if set forth at length herein.

24. Deny the allegations on paragraphs 55, 56, and 57 of the Complaint.

25. As to the allegations contained in paragraph 58 of the Complaint, Defendants repeat and re-allege each and every response to the allegations in paragraphs 1-57 of the Complaint heretofore provided as if set forth at length herein.

26. Deny the allegations in paragraphs 59, 60, and 61 of the Complaint.

27. As to the allegations contained in paragraph 62 of the Complaint, Defendants repeat and re-allege each and every response to the allegations in paragraphs 1-61 of the Complaint heretofore provided as if set forth at length herein.

28. Deny the allegations in paragraph 63, 64, 65 and 66.

## FIRST AFFIRMATIVE DEFENSE

Plaintiff had failed to state a claim against Defendants upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

Plaintiff seeks causes of action and/or relief which are not provided for and/or which they are not entitled to under applicable laws.

## THIRD AFFIRMATIVE DEFENSE

Plaintiff has been paid all amounts that were required and Defendants have complied with all that is required under applicable law.

**FOURTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred by the doctrine of collateral estoppel, laches, unclean hands, and waiver.

**FIFTH AFFIRMATIVE DEFENSE**

The Court lacks Subject Matter Jurisdiction over Plaintiff's claims.

**SIXTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred, in whole or in part, by applicable statutes of limitations.

**SEVENTH AFFIRMATIVE DEFENSE**

Defendants were not Plaintiff's "employer," under applicable laws.

**EIGHTH AFFIRMATIVE DEFENSE**

Defendants, at all times, acted reasonably, in good faith, and without any willful or intentional misconduct, to comply with the Fair Labor Standards Act ("FLSA") and New York Labor Law, and had reasonable grounds to believe that their actions did not violate the FLSA and New York Labor Law, and Defendants assert a lack of willfulness or intent to violate the FLSA and New York Labor law as a defense to any claim by Plaintiff for liquidated damages.

**NINTH AFFIRMATIVE DEFENSE**

Plaintiffs' claims are barred because some of the activities for which they demand compensation are *de minimis* under applicable law.

### TENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are preempted by federal and/or state law.

### ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, to the extent that Plaintiff was an exempt employee of Defendants as defined by the FLSA, New York Labor Law, and/or other applicable labor laws, including, but not limited to, because Plaintiff was an executive, administrative or highly compensated employee.

### TWELFTH AFFIRMATIVE DEFENSE

Even if Defendants failed to pay Plaintiff appropriately for the activities alleged in the Complaint, to the extent that such activities do not constitute compensable work under the FLSA, New York Labor Law, and/or other applicable laws, he is entitled to no relief.

### THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part by 29 U.S.C. § 254, as to all hours during which Plaintiff was engaged in activities which were preliminary to, or incidental to, his respective principal activities.

### FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part by his failure to mitigate damages.

## FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiff lacks standing to maintain these causes of action.

## SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by an accord and satisfaction.

## SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, as to all hours allegedly worked that were not reported in accordance with any applicable policies and procedures.

## EIGHTEENTH AFFIRMATIVE DEFENSE

Plaintiff has failed to exhaust his administrative remedies

## NINETEENTH AFFIRMATIVE DEFENSE

Defendants deny that this action can be properly maintained as a FLSA collective action or that Plaintiff has met or can carry the burden of establishing the requirements to obtain collective action certification, including conditional certification under 29 U.S.C. § 216(b).

## TWENTIETH AFFIRMATIVE DEFENSE

Defendants Anthony E. Core, Brian Knolis, and/or Judine Federiche were not Plaintiff's employer under the FLSA or NYLL and/or are not individually liable.

## **TWENTY-FIRST AFFIRMATIVE DEFENSE**

Plaintiff has failed to follow the prerequisites for maintaining and participating in a FLSA collective action.

**WHEREFORE,** Defendants respectfully requests that the Complaint be dismissed in its entirety, with prejudice, and that Defendants be awarded such other relief that the Court deems just and proper.

Dated: New York, NY  /s/ Stuart Weinberger
June 24, 2019  Stuart Weinberger, Esq.
Goldberg and Weinberger LLP
Attorneys for Defendants
630 Third Avenue, 18th Floor
New York, NY 10017
P: (212) 867-9595 – Ext. 313