UNITED STATES DISTRICT COURT EASTERN
DISTRICT OF NEW YORK

Index No.  **19-cv-1288**

WILLIAM BONILLA

                                    Plaintiff,

- Against -

OMNI RECYCLING OF BABYLON, INC., ANTHONY E
CORE, BRIAN KNOLIS, AND JUDINE FEDERICHE,

                                    Defendant(s).

**PLAINTIFF'S FIRST REQUEST
FOR INTERROGATORIES**

## INTERROGATORIES

**PLEASE TAKE NOTICE** that, pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, Plaintiff WILLIAM BONILLA, by his undersigned attorneys, requests that Defendant(s), OMNI RECYCLING OF BABYLON, INC., ANTHONY E CORE, BRIAN KNOLIS, AND JUDINE FEDERICHE, responds to these Requests and produce for inspection and copying the documents and other tangible objects described below at The Law Office of Jason Tenenbaum, P.C., 595 Stewart Ave., Suite 400, Garden City, NY 11530 within thirty (30) days of service hereof.

## DEFINITIONS

1. Plaintiff hereby incorporates all definitions and instructions set forth in Local Rule 26.3.

2. The term "Plaintiff" or "WILLIAM BONILLA," means Plaintiff WILLIAM BONILLA.

3. The term "Defendant(s)" refers to any and all Defendant(s) in this action, individually and collectively, any predecessor or successor in interest, any officers, directors, employees, owners, corporate parents, subsidiaries, affiliates, divisions, attorneys, agents, representatives, beneficiaries, or any other person acting or purporting to act on behalf of any of them, located in any headquarters office, field office, home office, or other location.

4. The term Individual Defendant(s) refers to Defendant(s) OMNI RECYCLING OF BABYLON, INC., ANTHONY E CORE, BRIAN KNOLIS, AND JUDINE FEDERICHE.

5. The term "Defendant(s)' Initial Disclosures" refers to those disclosures made by Defendant(s) in this Action pursuant to Fed. R. Civ. P. 26(a)(1).

6. The term "Complaint" shall mean the Plaintiff's filed Complaint.

7. The term "Liability Period" means the entire period covered by this Action, *i.e.*, covered by this Action, *i.e.*, six years prior to the filing of the complaint through the present. All document requests below include, unless otherwise specified, any and all documents relevant to the requests at any and/or all times within the Liability Period.

## INSTRUCTIONS

1. In answering these interrogatories, furnish all information that is available to you, including information known by or in the possession of yourself, your employees, experts, agents or affiliates, and not merely information within the personal knowledge of the individuals executing your answer to the interrogatories.

2. Defendant(s) shall respond completely to each interrogatory or subdivision thereof, setting forth the question and followed by each answer.

3. If, in answering the following, you are unable to answer fully, after exercising due diligence to obtain the information to do so, you shall answer said interrogatory to the fullest extent possible, specifying your inability to answer the remainder, describing the efforts taken by you to obtain the information to fully answer said interrogatory, and stating whatever information or knowledge you have concerning the unanswered portion thereof.

4. If, in answering the following interrogatories, you state in whole or in part that "I do not know" or "unknown" or otherwise indicate any similar lack of knowledge, you shall state in detail all efforts made to obtain the information requested, the nature of any continuing efforts in that regard, and by whom any such efforts were and are being made.

5. These interrogatories are continuous in nature and require you to supplement or amend your answers if you subsequently obtain information relating to these interrogatories or if subsequent events require supplementation or amendment of your answers. Such Supplementary Answers are to be filed and served upon Plaintiff's counsel within twenty (20) days after receipt of such information and in no case later than thirty (30) days prior to the date set for the trial unless the obtainment of information or subsequent events occur within thirty (30) days of trial, in which case Plaintiff's counsel shall be immediately notified of Defendant(s) need to supplement or amend, and Defendant(s) shall so supplement or amend as soon as feasible.

6. If you assert that any information, document or communication responsive to these interrogatories is protected from discovery by virtue of the attorney-client privilege, work product doctrine or any other privilege, state in your written responses the following:

   a. Which privilege is being claimed and, if the privilege is governed by state law, indicate the state's privilege rule being invoked; and
   b. The specific basis for the assertion of the privilege.

7. Whenever an interrogatory asks for identification of any document, you shall, in addition to identifying the document, append a copy of the document to your answers to the Interrogatories. Each document furnished by Defendant(s) in response to any Interrogatory shall be clearly labeled to indicate the Interrogatory to which it is responsive and if it is intended to be responsive to more than one Interrogatory, then said document shall be clearly labeled so as to indicate all Interrogatories to which it is responsive.

## INTERROGATORIES

1. During the relevant time period, identify the date of hire of Plaintiff by Defendant(s).

2. Identify the time period that Plaintiff was employed by Defendant(s).

3. Identify all individuals who have an ownership interest in the OMNI RECYCLING OF BABYLON, INC.

4. Identify the individuals who received a share of any profits at OMNI RECYCLING OF BABYLON, INC. during the relevant time period.

5. Identify the individuals who interviewed Plaintiff.

6. Identify the individuals who hired Plaintiff.

7. Identify the date of hire of Plaintiff by Defendant(s).

8. Identify the individuals who were responsible for paying Plaintiff.

9. Identify all supervisor and/or supervisors of Plaintiff during the relevant period.

10. Identify all individuals who make the determination if Plaintiff is to work overtime (more than 40 hours in a week).

11. Identify all individuals who had authority to determine the work schedule of the OMNI RECYCLING OF BABYLON, INC employees.

12. Identify all employees that Plaintiff reported to Defendant(s).

13. Identify all job duties of Plaintiff during the relevant period.

14. Identify any employment agreement and/or contract between Plaintiff and Defendant(s).

15. During the relevant time period, identify the regular days of work of Plaintiff per calendar week at Defendant(s).

16. During the relevant time period, identify the regular work hours of Plaintiff per workday at Defendant(s).

17. Identify all individuals who made the decision to permit Plaintiff to work overtime at Defendant(s) during Liability Period.

18. Identify the name of the time track keeping system that the Defendant(s) use to monitor its employees' hours.

19. Identify where Defendant(s) maintain documents related to the work schedule and salaries of its employees.

20. Identify the approximate date in which the Plaintiff was injured.

21. Identify the approximate date in which the Plaintiff attempted to be reinstated to his position as an employee of OMNI RECYCLING OF BABYLON, INC.

22. Identify the approximate date in which OMNI RECYCLING OF BABYLON, INC. informed Plaintiff of his termination as an employee of OMNI RECYCLING OF BABYLON, INC.

23. Identify all commercial properties in which Defendant(s) OMNI RECYCLING OF BABYLON, INC. has an ownership interest.

UNITED STATES DISTRICT COURT EASTERN
DISTRICT OF NEW YORK

Index No.  **19-cv-1288**

WILLIAM BONILLA

Plaintiff,

**PLAINTIFF'S FIRST**
**DOCUMENT DEMANDS**

- Against -

OMNI RECYCLING OF BABYLON, INC., ANTHONY E
CORE, BRIAN KNOLIS, AND JUDINE FEDERICHE,

Defendant(s).

## DOCUMENT DEMANDS

**PLEASE TAKE NOTICE** that pursuant to Rules 26 and 34 of the Federal Rules of Civil
Procedure (the "Federal Rules") and the Local Rules of the United States District Courts for the
Southern and Eastern Districts of New York (the "Local Civil Rules") WILLIAM BONILLA
("Plaintiff") by his undersigned counsel, hereby requests that Defendant(s) OMNI RECYCLING
OF BABYLON, INC., ANTHONY E CORE, BRIAN KNOLIS, AND JUDINE FEDERICHE
produce the documents described below for inspection and copying at The Law Office of Jason
Tenenbaum, P.C., 595 Stewart Ave., Suite 400, Garden City, NY 11530 .

## INSTRUCTIONS

1. In answering these requests for documents and electronically stored information,
   Defendant(s) OMNI RECYCLING OF BABYLON, INC., ANTHONY E CORE,
   BRIAN KNOLIS, AND JUDINE FEDERICHE shall furnish all such documents and
   electronically stored information available to it, including those in the possession of its
   investigators and all persons acting on its behalf and not merely those in its immediate
   possession. If Defendant(s) OMNI RECYCLING OF BABYLON, INC., ANTHONY E
   CORE, BRIAN KNOLIS, AND JUDINE FEDERICHE is unaware of the existence of
   any documents and electronically stored information responsive to a request, it should
   expressly so indicate, answer to the extent possible and identify any person or persons
   who may have additional knowledge or information to complete the response.

2. If Defendant(s) OMNI RECYCLING OF BABYLON, INC., ANTHONY E CORE,
   BRIAN KNOLIS, AND JUDINE FEDERICHE are aware of the existence of any
   responsive documents or electronically stored information but is unable to produce such
   documents for any reason, then it shall identify such documents or electronically stored
   information as the term "identify" is used in Local Rule 26.3(c).

3. Questions regarding the interpretation of these requests for documents and electronically stored information should be resolved in favor of the broadest possible construction.

4. The requests for documents and electronically stored information which follow are to be considered as continuing, and OMNI RECYCLING OF BABYLON, INC., ANTHONY E CORE, BRIAN KNOLIS, AND JUDINE FEDERICHE are requested to provide, by way of supplementary answers thereto, such additional documents or electronically stored information as it or any persons acting on its behalf may hereafter obtain which will augment, clarify or otherwise modify the current responses. Such supplementary responses are to be filed and served upon counsel for Plaintiff promptly upon receipt of such additional information or documents in accordance with Rule 34 of the Federal Rules of Civil Procedure.

5. If Defendant(s) OMNI RECYCLING OF BABYLON, INC., ANTHONY E CORE, BRIAN KNOLIS, AND JUDINE FEDERICHE objects to any request for documents or electronically stored information in whole or in part, state the precise reason for each objection so that Plaintiffs may evaluate the objection and, if necessary, the Court can rule on the objection.

6. If a claim of privilege is asserted in objecting to any request or sub-part thereof, and an answer is not provided on the basis of such assertion, provide the information required by Local Civil Rule 26.2.

7. Unless otherwise indicated, the time period for these requests includes October 1992 and extending through August 21, 2018 to the present.

## DEFINITIONS

1. Plaintiff hereby incorporates all definitions and instructions set forth in Local Rule 26.3.

2. The term "Plaintiff" means Plaintiff WILLIAM BONILLA.

3. The term "Defendant(s)" refers to any and all Defendant(s) in this action, individually and collectively, any predecessor or successor in interest, any officers, directors, employees, owners, corporate parents, subsidiaries, affiliates, divisions, attorneys, agents, representatives, beneficiaries, or any other person acting or purporting to act on behalf of any of them, located in any headquarters office, field office, home office, or other location.

4. The term individual Defendant(s) refers to OMNI RECYCLING OF BABYLON, INC., ANTHONY E. CORE, BRIAN KNOLIS, AND JUDINE FEDERICHE.

5. The term "Defendant(s)' Initial Disclosures" refers to those disclosures made by Defendant(s) in this Action pursuant to Fed. R. Civ. P. 26(a)(1).

6. The term "Complaint" shall mean the Plaintiff's Complaint that was filed.

7. The term "Liability Period" means the entire period covered by this Action, *i.e.*, six years prior to the filing of the complaint through the present. All document requests below include, unless otherwise specified, any and all documents relevant to the requests at any and/or all times within the Liability Period.

## INSTRUCTIONS

Unless otherwise indicated, the following instructions apply to, and are incorporated into, the definitions set forth above, all document requests, and these instructions.

1. All requests pertain to the entirety of the Liability Period unless otherwise specified.

2. With respect to each document produced, Plaintiff requests that Defendant(s) specify the request(s) to which the document is responsive.

3. Plaintiff requests that Defendant(s) and his counsel prevent the destruction or alteration of any document requested herein by the operation of any electronic information system (routine or otherwise) and put Ronald Miranda on notice that any destruction or alteration of such document, or any action that makes such documents more difficult or expensive to access and use, without completing a meet and confer process with Plaintiff's counsel regarding such action, will not be considered to be in "good faith," as contemplated in Fed. R. Civ. P. 37(f). If Defendant(s) does not believe that it can reasonably comply with this instruction, Plaintiff requests that Defendant(s) contact Plaintiff, in writing, within 10 days from receipt of these requests, to meet and confer about whether immediate Court intervention is necessary.

4. With respect to each request, Defendant(s) is requested to provide all documents in his possession, custody, or control that are known to him or that he can locate or discover through reasonably diligent efforts.

5. If Defendant(s) cannot respond to any part of the following requests in full, please respond to the extent possible, specifying the reason or reasons for his inability to respond to the remainder of the requests.

6. If, to Defendant(s)'S knowledge, documents responsive to one or more requests were never in Defendant(s)'S possession, custody, or control but are or have been in the possession, custody, or control of any other person, please identify all such persons.

7. If any responsive document was formerly in Defendant(s)'S possession, custody, or control but has been eliminated from his possession in any way, including, but not limited to, having been lost, destroyed, transmitted, or discarded, please submit a written statement as follows:

   a. Describe in detail the nature of the document and its contents;

    b.  Identify the person or persons who authored, prepared, or edited the document and, if applicable, the person or persons to whom the document was sent;

    c.  List all dates when the document was copied, created or modified;

    d.  List all dates when the document was eliminated from your possession in any way;

    e.  State any reason(s) the document was eliminated from your possession in any way; and

    f.  List all persons that have had possession of the document or have had knowledge of its contents.

8. In accordance with Fed. R. Civ. P. 26(b)(5) and Local Civil Rule 26.2, if any document responsive to Plaintiffs' discovery requests is withheld pursuant to a claim of attorney-client privilege, attorney work product privilege, litigation materials privilege, or any other common law or statutory privilege or protection, please specify the following:

    a.  The basis for withholding such document;

    b.  A generic description of the document being withheld;

    c.  The date the information contained in the document was learned or the document created;

    d.  The identity of the individual(s) who learned the information or authored the document;

    e.   The date the document was transmitted or otherwise made available to anyone; and

    f.  The specific request(s) to which the withheld document relates.

9. If requested documents are maintained in a file, folder, or other container, please produce the file, folder, or other container, or a complete copy of same, with the documents.

10. Unless otherwise indicated in writing, the failure to produce any documents in response to any request herein means that such documents do not exist, or are not in Defendant(s)'S possession, custody, or control, or the possession, custody, or control of his agents or anybody acting on his behalf.

## **REQUESTS FOR PRODUCTION**

1. The articles incorporation and organization of the Defendant(s) OMNI RECYCLING OF BABYLON, INC.

2. All documents which reflect ANTHONY E. CORE as owner of OMNI RECYCLING OF BABYLON, INC.

3. All documents, including job descriptions, demonstrating Plaintiff's job duties and responsibilities at OMNI RECYCLING OF BABYLON, INC.

4. All employment agreements between Plaintiff and OMNI RECYCLING OF BABYLON, INC.

5. All employment agreements between Plaintiff and Defendant(s) OMNI RECYCLING OF BABYLON, INC.

6. All employment agreements between Plaintiff and OMNI RECYCLING OF BABYLON, INC. and/or ANTHONY E. CORE.

8. All documents relating to Plaintiff's work assignments and with OMNI RECYCLING OF BABYLON, INC. or ANTHONY E. CORE, BRIAN KNOLIS, AND JUDINE FEDERICHE.

7. All documents which demonstrate which employees and/or owners were responsible for and/or created Plaintiff's work schedule.

8. All documents reflecting the hours worked by Plaintiff from time 6 years prior to today through Present, including time clock records, schedules and payroll records, whether electronic or maintained by hand.

9. All documents maintained by Defendant(s) pertaining to the hours worked by Plaintiff.

10. All documents maintained by Defendant(s) pertaining to the wages paid to Plaintiff.

11. All documents maintained by Defendant(s), which demonstrate that Plaintiff was paid any overtime whatsoever for any work performed after 40 hours.

12. All documents which reflect that Plaintiff was paid overtime in the course of his employment with Defendant(s).

13. Plaintiff's complete personnel file, including but not limited to, applications for employment, hire forms, payroll reports, payroll information, paystubs, clock-in reports and/or chits, complaints, comments, write-ups, reprimands, disciplinary action (whether formal or informal), employee handbooks, and/or training materials.

14. All of Plaintiff's 1099 and/or W-2 forms.

15. All documents showing the compensation that Defendant(s) paid to Plaintiff including, but not limited to, payroll records, tips, payroll registers, paystubs, paychecks, receipts, delivery receipts, and ledgers.

16. All documents concerning information relied upon by the Defendant(s) when issuing Plaintiff's paychecks.

17. All documents concerning information relied upon by the Defendant(s) when paying monies to Plaintiff.

18. For Plaintiff, all documents concerning the Defendant(s) methods of pay and/or his rate(s) of pay.

19. All documents, including but not limited to weekly schedules, concerning when and/or for how much time Plaintiff was scheduled to work.

20. All records of Plaintiff's hours worked, including but not limited to close-out reports, tip sheets, tip sharing, time records, time reports, clock-in reports, clock-in sheets, sign-in/signout sheets, spreadsheets, and/or any other document which reflects the amount of time worked by Plaintiff. If there is more than one version of these documents, or if the documents have been adjusted electronically, provide all versions of the documents.

21. All documents concerning the operation of the Defendant(s) timekeeping system throughout the Liability Period, including, but not limited to, instruction manuals and settings.

22. All documents relating to any written reprimands, counseling or discipline of Plaintiff given to him by Defendant(s).

23. All documents reflecting any training given to the Defendant(s) employees regarding how to record hours worked by employees.

24. All documents reflecting any training given to Defendant(s) managers regarding how to pay employees for hours worked.

25. All documents concerning any deductions from Plaintiff's wages.

26. All documents not otherwise produced that refer by name to Plaintiff.

27. All documents, including but not limited to employee manuals, memoranda, e-mails, correspondence, complaints, and/or communications, concerning to the Defendant(s)' compensation policies and practices during the Liability Period.

28. All documents, including but not limited to employee manuals, memoranda, e-mails correspondence, complaints, and/or communications concerning to the Defendant(s)' tracking of Plaintiff's hours during the Liability Period.

29. All non-privileged documents containing communications regarding this Action.

30. .All notices provided to Plaintiff pursuant to New York Labor Law Section 195.

31. All documents concerning wage and hour investigations and or audits of any Defendant(s) or subsidiary of any Defendant(s) by the federal and/or New York Departments of Labor, including but not limited to correspondence, notes, complaints, letters, memoranda, settlement offers, settlement agreements, checks offered to and/or accepted by Plaintiff or any other employee of Defendant(s), and checks offered to and/or accepted by the federal and/or New York Departments of Labor on behalf of Plaintiff or any other employee of Defendant(s).

32. All documents concerning rulings, decisions, or opinions rendered by any federal or state court or administrative or governmental agency regarding whether the Defendant(s) wage and hour policies conform to the requirements of the Fair Labor Standards Act and/or the state laws.

33. All documents concerning all compensation which Defendant(s) claim has been paid to Plaintiff for periods that are not compensable under the FLSA and/or New York Labor Law.

34. All documents concerning complaints filed against the Defendant(s).

35. All write-ups, disciplinary forms, new hire forms, and/or other personnel documents signed by the Defendant(s) or managers.

36. All documents referenced in Defendant(s)' initial disclosures.

37. All written communications, including e-mails, to or from the Defendant(s) concerning (1) personnel matters at the Defendant(s) including but not limited to hiring, firing, scheduling, training, promotions, demotions, and salaries and/or (2) budgeting and/or purchasing at the Defendant(s).

38. All written communications, including e-mails, to or from managers at OMNI RECYCLING INC. concerning (1) personnel matters at OMNI RECYCLING INC. including but not limited to hiring, firing, scheduling, training, promotions, demotions, and salaries and/or (2) budgeting and/or purchasing at OMNI RECYCLING INC. during the Liability Period.

39. All documents concerning ANTHONY E. CORE's ownership interest, if any, in OMNI RECYCLING OF BABYLON, INC's possession. This request is not limited to documents from the Liability Period but rather seeks all responsive documents from any time period.

40. All documents concerning BRIAN KNOLIS' ownership interest, if any, in OMNI RECYCLING OF BABYLON, INC's possession. This Request is not limited to documents from the Liability Period but rather seeks all responsive documents from any time period.

41. All documents concerning JUDINE FEDERICHE's ownership interest, if any, in OMNI RECYCLING OF BABYLON, INC's possession. This Request is not limited to documents from the Liability Period but rather seeks all responsive documents from any time period.

42. All documents, including but not limited to written communications, concerning BRIAN KNOLIS' responsibilities, duties, and/or activities with respect to OMNI RECYCLING OF BABYLON INC., including but not limited to responsibilities, duties, and/or

activities related to hiring, firing, disciplining, and scheduling employees, employee compensation, employee complaints, and/or business operations.

43. All documents, including but not limited to written communications, concerning JUDINE FEDERICHE's responsibilities, duties, and/or activities with respect to OMNI RECYLING including but not limited to responsibilities, duties, and/or activities related to hiring, firing, disciplining, and scheduling employees, employee compensation, employee complaints, and/or business operations.

44. All documents reflecting or concerning any communications, whether written or oral, between Defendant(s) and Plaintiff during the Liability Period.

45. All documents concerning the Defendant(s) policies, practices, and/or procedures, which have not been previously produced regarding the retention and/or destruction of documents and/or electronic data.

46. All documents sufficient to identify the corporate entity that operate and control OMNI RECYCLING INC.

47. All documents concerning the job duties of Plaintiff WILLIAM BONILLA.

48. All documents, including but not limited to written communications, concerning Plaintiff's injuries resulting in his temporary loss of work at OMNI RECYCLING OF BABYLON, INC.

49. All documents, including but not limited to written communications, concerning Plaintiff's attempt to resume working as an employee of Defendant OMNI RECYCLING OF BABYLON, INC.

50. All documents, including but not limited to written communications, concerning Defendant's termination of Plaintiff's employment.