UNITED STATES DISTRICT COURT EASTERN DISTRICT OF NEW YORK

**Index No.  19-cv-1288**

WILLIAM BONILLA

                           Plaintiff,

        - Against -

OMNI   RECYCLING   OF   BABYLON,   INC., ANTHONY E CORE, BRIAN KNOLIS, AND JUDINE FEDERICHE,

                 Defendant(s).

**<u>PLAINTIFF'S RESPONSE TO DEMAND FOR PRODUCTION OF DOCUMENTS</u>**

## <u>RESPONSES AND OBJECTIONS TO DEFENDANT'S REQUEST FOR PRODUCTION OF DOCUMENTS TO PLAINTIFF</u>

Pursuant to FRCP 26, Plaintiff William Bonilla (hereinafter "Plaintiff) hereby objects and responds to Defendants Omni Recycling of Babylon, Inc., Anthony Core, Brian Knolis, and Judine Federiche (collectively the Defendant)'s first request for Production of Documents and First Interrogatory to Plaintiff, dated November 21, 2019 (collectively "Discovery Requests") as follows:

### <u>GENERAL OBJECTIONS</u>

1.  Plaintiff's specific objections to each Discovery Request are in addition to the general limitations and objections set forth in this section. These limitations and objections form a part of the response to each Discovery Request and are set forth here to avoid the duplication and repetition of restating them in each response. The absence of a reference to a general objection shall not be construed as a waiver of the general objection as to the specific Discovery Request.

2.   Plaintiff objects to the Discovery Requests to the extent that they purport to impose obligations beyond those required or permitted by the FRCP or the rules of this Court. The Plaintiff will respond to the Discovery Requests in accordance with the requirements of the FRCP or the rules of this Court.

3.   The Plaintiff objects to the Discovery Requests to the extent that they are vague, ambiguous, overbroad and/or unduly burdensome.

4.   Plaintiff objects to the Discovery Requests to the extent that they seek information that is neither relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence.

5.   Plaintiff objects to the Discovery Requests to the extent that they are overbroad, compound, unduly burdensome, vague, ambiguous, or capable of multiple interpretations; that they do not identify with particularity the information sought; that they lack sufficient precision to allow Plaintiff to formulate an appropriate response; and/or that they are not calculated to lead to the discovery of admissible evidence. To the extent that a Request is vague or ambiguous, Plaintiff has responded to the best of his ability, but has not attempted to speculate as to the meaning thereof.

6.   Plaintiff objects to the Discovery Requests as overbroad an unduly burdensome to the extent that they call for the identification of "each," "any," or "all," when relevant information can be obtained from fewer than "each," "any," or "all."

7.   Plaintiff objects to each Discovery Request to the extent that such Discovery

Request seeks or can be construed to seek information that is privileged under law, whether under the attorney-client privilege, the attorney work product doctrine or any other privilege or immunity, including the protections afforded materials prepared in anticipation of litigation or for trial. Such information will not produced. In the event that any such information is or has been produced, such disclosure or production is inadvertent and does not constitute a waiver of any such privilege or immunity.

8.  Plaintiff objects to the Discovery Requests to the extent that they call for the production of confidential information, including sensitive commercial or proprietary information protected from disclosure by law, court order, or any agreement with respect to confidentiality or nondisclosure. Such information will not be produced without the entry of an appropriate confidentiality order.

9.  Plaintiff objects to Discovery Requests to the extent that they are redundant and/or cumulative; seek information already in possession, custody, or control of Defendant Omni Recycling of Babylon, Inc.; call for duplicative information; and/or seek information already requested by Defendant(s) through discovery in this action or otherwise.

10.  Plaintiff objects to Discovery Requests to the extent that they seek information or materials not in the Plaintiff's possession, custody, or control, or to the extent that they require Plaintiff to search for information in places or from sources other than where such information is kept in the ordinary course of business. Plaintiff further objects to

these Discovery Requests to the extent that they seek identification of documents or information that do not exist or are no longer in existence.

11. Plaintiff objects to the Discovery Requests to the extent that they define "Plaintiff" to include third parties that have not appeared in this action or purport to require the Plaintiff to search for or produce documents solely in the possession, custody, or control of third parties.

12. Insofar as Plaintiff has responded to a Discovery Request to which he has objected, Plaintiff reserves the right to maintain such objection and such objection is not waived in any respect by the provision of a response.

13. To the extent Plaintiff responds to any Discovery Request, Plaintiff does so without conceding the relevancy or materiality of such information or the subject matter of the applicable Discovery Request, and without prejudice to Plaintiff's right to object to further discovery on such subject matter or to object to the admissibility of any such information at the time of hearing or trial. By reserving such right, Plaintiff does not intend to assume a duty to amend these responses other than as required by the FRCP.

## SPECIFIC OBJECTIONS AND RESPONSES TO REQUESTS FOR PRODUCTION

**1. Please provide any and all documents consulted, examined or referred to in preparation of Plaintiff's responses to Defendant's interrogatories, including, but not limited to, personal notes maintained by Plaintiff, or other documents which contain descriptions of events and/or occurrences related to the issues in this litigation, and written summaries of the events and/or statements pertinent to the Plaintiff's contentions in this lawsuit.**

Plaintiff objects to this request as overly broad and unduly burdensome. Plaintiff further objects to this Request to the extent it seeks documents that are protected by the attorney-client privilege, the trial preparation privilege, the work-product doctrine, or any other applicable privileges, immunities or protective doctrines, or documents created after the commencement of this proceeding.

Subject to and without waiving the foregoing general and specific objections, Plaintiff will produce non-privileged documents responsive to this Request after a reasonable search.

**2. Please provide copies of any and all documents upon which the Plaintiff currently relies in support of the allegations contained in the Complaint, and in support of the legal claims asserted therein.**

Plaintiff objects to this request as overly broad and unduly burdensome.

Plaintiff further objects to this Request to the extent it seeks documents that are protected by the attorney-client privilege, the trial preparation privilege, the work-product doctrine, or any other applicable privileges, immunities or protective doctrines, or documents created after the commencement of this proceeding. Plaintiff further objects to this Request to the extent that the terms "any and all documents" is argumentative, vague and ambiguous.

Subject to and without waiving the foregoing general and specific objections, Plaintiff will produce non-privileged documents responsive to this Request after a reasonable search.

**3. Please provide any and all materials, including, but not limited to,**

**photographs, diagrams, charts, pictures, audio recordings, video recordings, or other depiction of anything related to the allegations in the Complaint which Plaintiff plans to offer in evidence or use as demonstrative evidence at the time of trial.**

Plaintiff objects to these Discovery Requests to the extent that they

seek identification of documents or information that do not exist or are no longer in existence. Subject to and without waiving the foregoing general and specific objections, Plaintiff will produce non-privileged documents responsive to this Request after a reasonable search.

**4. Please provide all documents maintained by Plaintiff showing the amount of hours allegedly worked by Plaintiff for Omni Recycling of Babylon, Inc. during the relevant time period.**

Plaintiff objects to this request as overly broad and unduly burdensome.

Plaintiff further objects to this request to the extent that it is redundant and/or cumulative; seeks information already in possession, custody, or control of Defendant Omni Recycling of Babylon, Inc.; and/or calls for duplicative information; or to the extent that it requires Plaintiff to search for information in places or from sources other than where such information is kept in the ordinary course of business.

Subject to and without waiving the foregoing general and specific objections, Plaintiff will produce non-privileged documents responsive to this Request after a reasonable search.

**5. Please provide all documents maintained by Plaintiff showing all monies paid to Plaintiff by Defendants during the relevant time period.**

Plaintiff objects to this request as overly broad and unduly burdensome.

Plaintiff further objects to the extent that it is redundant and/or cumulative; seeks information already in possession, custody, or control of Defendant Omni Recycling of Babylon, Inc.; and/or calls for duplicative information; or to the extent that it requires Plaintiff to search for information in places or from sources other than where such information is kept in the ordinary course of business.

Subject to and without waiving the foregoing general and specific objections, Plaintiff will produce documents responsive to this Request after a reasonable search.

**6.   Please provide any and all logbooks maintained by Plaintiff which reflect the dates and hours worked by Plaintiff.**

Plaintiff objects to this request as overly broad and unduly burdensome.

Plaintiff further objects to the extent that it is redundant and/or cumulative; seeks information already in possession, custody, or control of Defendant Omni Recycling of Babylon, Inc.; and/or calls for duplicative information; or to the extent that it requires Plaintiff to search for information in places or from sources other than where such information is kept in the ordinary course of business.

Subject to and without waiving the foregoing general and specific objections, Plaintiff will produce non-privileged documents responsive to this Request after a reasonable search.

**7.   Please provide any and all timesheets maintained by Plaintiff which reflect the dates and hours worked by Plaintiff.**

Plaintiff objects to this request as overly broad and unduly burdensome.

Plaintiff further objects to the extent that it is redundant and/or cumulative; seeks information already in possession, custody, or control of Defendant Omni Recycling of Babylon, Inc.; and/or calls for duplicative information; or to the extent that it requires Plaintiff to search for information in places or from sources other than where such information is kept in the ordinary course of business.

Subject to and without waiving the foregoing general and specific objections, Plaintiff will produce non-privileged documents responsive to this Request after a reasonable search.

**8. Please provide any and all copies of work schedules which reflect the dates and hours worked by Plaintiff.**

Plaintiff objects to this request as overly broad and unduly burdensome.

Plaintiff further objects to the extent that it is redundant and/or cumulative; seeks information already in possession, custody, or control of Defendant Omni Recycling of Babylon, Inc.; and/or calls for duplicative information; or to the extent that it requires Plaintiff to search for information in places or from sources other than where such information is kept in the ordinary course of business.

Subject to and without waiving the foregoing general and specific objections, Plaintiff will produce non-privileged documents responsive to this Request after a reasonable search.

**9. Please provide any and all copies of documents which relate in any way to Plaintiff's job duties and responsibilities.**

Plaintiff objects to this request as overly broad and unduly burdensome.

Plaintiff further objects to the extent that it is redundant and/or cumulative; seeks information already in possession, custody, or control of Defendant Omni Recycling of Babylon, Inc.; and/or calls for duplicative information; or to the extent that it requires Plaintiff to search for information in places or from sources other than where such information is kept in the ordinary course of business.

Subject to and without waiving the foregoing general and specific objections, Plaintiff will produce non-privileged documents responsive to this Request after a reasonable search.

**10. Please provide all documents showing who scheduled work for Plaintiff.**

Plaintiff objects to this request as overly broad and unduly burdensome.

Plaintiff further objects to the extent that it is redundant and/or cumulative; seeks information already in possession, custody, or control of Defendant Omni Recycling of Babylon, Inc.; and/or calls for duplicative information; or to the extent that it requires Plaintiff to search for information in places or from sources other than where such information is kept in the ordinary course of business.

Subject to and without waiving the foregoing general and specific objections, Plaintiff will produce non-privileged documents responsive to this Request after a reasonable search.

**11. Please provide copies of all paystubs and/or wage statements issued to and/or received by Plaintiff during the relevant time period.**

Plaintiff objects to this request as overly broad and unduly burdensome.

Plaintiff further objects to this request to the extent that it is redundant and/or cumulative; seeks information already in possession, custody, or control of Defendant Omni Recycling of Babylon, Inc.; and/or calls for duplicative information; or to the extent that it requires Plaintiff to search for information in places or from sources other than where such information is kept in the ordinary course of business.

Subject to and without waiving the foregoing general and specific objections, Plaintiff will produce non-privileged documents responsive to this Request after a reasonable search.

**12. Please provide any and all documents that show all damages allegedly owed to Plaintiff by each Defendant.**

Plaintiff objects to this request as overly broad and unduly burdensome.

Plaintiff further objects to this request to the extent that it is redundant and/or cumulative; seeks information already in possession, custody, or control of Defendant Omni Recycling of Babylon, Inc.; and/or calls for duplicative information; or to the extent that it requires Plaintiff to search for information in places or from sources other than where such information is kept in the ordinary course of business.

Subject to and without waiving the foregoing general and specific objections, Plaintiff will produce documents responsive to this Request after a reasonable search.

**13. Please provide any and all documents reflecting Plaintiff's involvement in the decision to hire employees during the relevant time period.**

Plaintiff objects to this request as overly broad and unduly burdensome. Plaintiff

further objects to this request to the extent that it is redundant and/or cumulative; seeks information already in possession, custody, or control of Defendant Omni Recycling of Babylon, Inc.; and/or calls for duplicative information; or to the extent that it requires Plaintiff to search for information in places or from sources other than where such information is kept in the ordinary course of business.

**14. Please provide any and all documents reflecting Plaintiff's involvement in the training of employees during the relevant time period.**

Plaintiff objects to this request as overly broad and unduly burdensome.

Plaintiff further objects to Discovery Requests to the extent that it seeks identification of documents that do not exist and/or never existed; that it is redundant and/or cumulative; seeks information already in possession, custody, or control of Defendant Omni Recycling of Babylon, Inc.; and/or call for duplicative information; or to the extent that they require Plaintiff to search for information in places or from sources other than where such information is kept in the ordinary course of business.

**15. Please provide any and all documents reflecting Plaintiff's involvement in the disciplining of employees during the relevant time period.**

Plaintiff objects to this request as overly broad and unduly burdensome.

Plaintiff further objects to this request to the extent that it seeks identification of documents that do not exist and/or never existed; seeks information already in possession, custody, or control of Defendant Omni Recycling of Babylon, Inc.; and/or calls for duplicative information; or to the extent that it requires Plaintiff to search for

information in places or from sources other than where such information is kept in the ordinary course of business.

**16. Please provide any and all documents reflecting Plaintiff's involvement in the termination of other employees during the relevant time period.**

Plaintiff objects to this request as overly broad and unduly burdensome.

Plaintiff further objects to the request to the extent that it is redundant and/or cumulative; seeks information already in possession, custody, or control of Defendant Omni Recycling of Babylon, Inc.; and/or calls for duplicative information; or to the extent that it requires Plaintiff to search for information in places or from sources other than where such information is kept in the ordinary course of business.

**17. Please provide any and all documents reflecting Plaintiff's involvement in the supervision of other employees.**

Plaintiff objects to this request as overly broad and unduly burdensome. Plaintiff further objects to the request to the extent that it is redundant and/or cumulative; seeks information already in possession, custody, or control of Defendant Omni Recycling of Babylon, Inc.; and/or calls for duplicative information; or to the extent that it requires Plaintiff to search for information in places or from sources other than where such information is kept in the ordinary course of business.

**18. Please provide any and all documents reflecting Plaintiff's involvement in the promotion of any other employees.**

Plaintiff objects to this request as overly broad and unduly burdensome.

Plaintiff further objects to the request to the extent that it is redundant and/or cumulative; seeks information already in possession, custody, or control of Defendant Omni Recycling of Babylon, Inc.; and/or calls for duplicative information; or to the extent that it requires Plaintiff to search for information in places or from sources other than where such information is kept in the ordinary course of business.

**19. Please provide any and all documents which support the allegation that Defendants Anthony E. Core, Brian Knolis, and Judine Federiche have "owned, maintained, controlled, and/or oversaw the direction" of Defendant Omni Recycling of Babylon, Inc. as alleged in paragraph 19 of the Complaint.**

Plaintiff objects to Discovery Requests to the extent that they seek information or materials that are not in the Plaintiff's possession, custody, or control. Subject to and without waiving the foregoing general and specific objections, Plaintiff will produce non-privileged documents responsive to this Request after a reasonable search.

**20. Please provide any and all documents which support the allegation that Plaintiff "at all times was a laborer," as alleged in paragraph 33 of the Complaint.**

Plaintiff objects to this request as overly broad and unduly burdensome.

Plaintiff further objects to this request to the extent that it is redundant and/or cumulative; seeks information already in possession, custody, or control of Defendant

Omni Recycling of Babylon, Inc.; and/or calls for duplicative information; or to the extent that it requires Plaintiff to search for information in places or from sources other than where such information is kept in the ordinary course of business.

**21. Please provide all documents which show Plaintiff's job title when he was employed by Defendants.**

Plaintiff objects to this request as overly broad and unduly burdensome.

Plaintiff further objects to Discovery Requests to the extent that they are redundant and/or cumulative; seek information already in possession, custody, or control of Defendant Omni Recycling of Babylon, Inc.; and/or call for duplicative information; or to the extent that they require Plaintiff to search for information in places or from sources other than where such information is kept in the ordinary course of business.

Subject to and without waiving the foregoing general and specific objections, Plaintiff will produce non-privileged documents responsive to this Request after a reasonable search.

**22. Please provide any and all documents which support the allegation that "regular hours Plaintiff worked for Defendants was from 6:00 AM to 4:00 PM, Monday through Friday," as alleged in paragraph 35 of the Complaint.**

Plaintiff objects to this request as overly broad and unduly burdensome.

Plaintiff further objects to Discovery Requests to the extent that they are redundant and/or cumulative; seek information already in possession, custody, or control of

Defendant Omni Recycling of Babylon, Inc.; and/or call for duplicative information; or to the extent that they require Plaintiff to search for information in places or from sources other than where such information is kept in the ordinary course of business.

Subject to and without waiving the foregoing general and specific objections, Plaintiff will produce non-privileged documents responsive to this Request after a reasonable search.

**23. Please provide any and all documents which support the allegation that "Plaintiff would work an additional eight (8) hours on the weekend," as alleged in paragraph 35 of the Complaint.**

Plaintiff objects to this request as overly broad and unduly burdensome.

Plaintiff further objects to Discovery Requests to the extent that they are redundant and/or cumulative; seek information already in possession, custody, or control of Defendant Omni Recycling of Babylon, Inc.; and/or call for duplicative information; or to the extent that they require Plaintiff to search for information in places or from sources other than where such information is kept in the ordinary course of business.

**24. Please provide any and all documents which support the allegation that "the rate of pay Plaintiff received from 2014 onward was $30.00 per hour," as alleged in paragraph 36 of the Complaint.**

Plaintiff objects to this request as overly broad and unduly burdensome.

Plaintiff further objects to Discovery Requests to the extent that they are redundant and/or cumulative; seek information already in possession, custody, or control of Defendant Omni Recycling of Babylon, Inc.; and/or call for duplicative information; or to the extent that they require Plaintiff to search for information in places or from sources other than where such information is kept in the ordinary course of business.

Subject to and without waiving the foregoing general and specific objections, Plaintiff will produce documents responsive to this Request after a reasonable search.

**25. Please provide any and all documents which support the allegation that "Plaintiff was never paid time and one half for all hours worked in excess of forty (40) per week," as alleged in paragraph 37 of the Complaint.**

To the extent that the Request is overbroad, compound, unduly burdensome, and cumulative. Plaintiff further objects to this Request to the extent that it seeks information already in possession, custody or control of Defendant Omni Recycling of Babylon, Inc.

Subject to and without waiving the foregoing general and specific objections, Plaintiff will produce non-privileged documents responsive to this Request after a reasonable search.

**26. Please provide any and all documents which support the allegation that "Plaintiff never received a wage notification form as New York State law requires," as alleged in paragraph 38 of the Complaint.**

Plaintiff objects to this Request to the extent that it is is overbroad, compound, unduly burdensome, and cumulative. Plaintiff further objects to this Request to the extent that it seeks information that never existed and/or is already in possession, custody or control of Defendant Omni Recycling of Babylon, Inc.

**27. Please provide any and all documents which support the allegation that the job Plaintiff held included demolition, excavating and repairing properties," as alleged in paragraph 40 of the Complaint.**

Plaintiff objects to this Request to the extent that it is redundant and/or cumulative; seek information already in possession, custody, or control of Defendant Omni Recycling of Babylon, Inc.; and/or call for duplicative information; or to the extent that they require Plaintiff to search for information in places or from sources other than where such information is kept in the ordinary course of business.

**28. Please provide any and all documents which reflect complaints made by Plaintiff regarding his wages.**

Plaintiff objects to this request as overly broad and unduly burdensome.

Plaintiff further objects to Discovery Requests to the extent that they are redundant and/or cumulative; seek information already in possession, custody, or control of Defendant Omni Recycling of Babylon, Inc.; and/or call for duplicative information; or to the extent that they require Plaintiff to search for information in places or from sources other than where such information is kept in the ordinary course of business.

Subject to and without waiving the foregoing general and specific objections, Plaintiff will produce non-privileged documents responsive to this Request after a reasonable search.

**29. Please provide any and all documents which support the collective action allegations contained in the Complaint.**

Plaintiff objects to this request as overly broad and unduly burdensome.

Plaintiff further objects to Discovery Requests to the extent that they are redundant and/or cumulative; seek information already in possession, custody, or control of Defendant Omni Recycling of Babylon, Inc.; and/or call for duplicative information; or to the extent that they require Plaintiff to search for information in places or from sources other than where such information is kept in the ordinary course of business.

**30. Please provide any and all documents which support the allegation that Defendants violated the FLSA, as set forth in paragraphs 42-48 of the Complaint.**

Plaintiff objects to this Request to the extent that it is overbroad and unduly burdensome; and/or that it is not calculated to lead to the discovery of admissible evidence. The Complaint alleges that Defendant failed to keep proper records of wages and hours worked by Plaintiff, in violation of FLSA. Plaintiff cannot reasonably be in possession of documents he alleges Defendants failed to create and/or maintain. The burden of proof is on Defendant, not on the Plaintiff, to provide evidence to the contrary.

**31. Please provide any and all documents which support the allegation that Defendants violated the NYLL, as set forth in paragraphs 49-53 of the Complaint.**

Plaintiff objects to the Discovery Requests to the extent that they are overbroad, compound, unduly burdensome, vague, ambiguous, or capable of multiple interpretations; that they do not identify with particularity the information sought; that they lack sufficient precision to allow Plaintiff to formulate an appropriate response; and/or that they are not calculated to lead to the discovery of admissible evidence.

**32. Please provide any and all documents which support the allegation that Defendants failed to provide Plaintiff with the required wage notices, in violation of the NYLL, as set forth in paragraphs 54-77 of the Complaint.**

Plaintiff objects to this Request as overbroad, compound, unduly burdensome, and cumulative. Plaintiff further objects to this Request to the extent that it seeks information already in possession, custody or control of Defendant Omni Recycling of Babylon, Inc.

**33. Please provide any and all documents which support the allegation that Defendants failed to provide Plaintiff with the required wage statements, in violation of the NYLL, as set forth in paragraphs 58-61 of the Complaint.**

Plaintiff objects to this Request to the extent that it seeks information that does not exist and/or never existed; that it is not in possession, custody or control of Plaintiff;

and/or that it is already in possession, custody or control of Defendant Omni Recycling of Babylon, Inc.

**34. Please provide any and all documents which support the allegation that Defendants unlawfully deducted wages Plaintiff[sic], in violation of the NYLL, as set forth in paragraphs 62-66 of the Complaint.**

Plaintiff objects to this Request as overbroad, compound, unduly burdensome, and cumulative. Plaintiff further objects to this Request to the extent that it seeks information already in possession, custody or control of Defendant Omni Recycling of Babylon, Inc.

**35. Please provide any and all documents that support the allegation that Plaintiff is entitled to any of the relief requested in the "PRAYER FOR RELIEF" paragraph of the Complaint.**

Plaintiff objects to the Discovery Requests to the extent that they purport to impose obligations beyond those required or permitted by the FRCP or the rules of this Court. The Plaintiff will respond to the Discovery Requests in accordance with the requirements of the FRCP or the rules of this Court.

**36. Please provide any and all exculpatory documents and/or other documents demonstrating that the Defendants do not owe the amounts alleged by the Plaintiff in the Complaint.**

Plaintiff objects to the Discovery Requests to the extent that they purport to impose obligations beyond those required or permitted by the FRCP or the rules of this Court. The Plaintiff will respond to the Discovery Requests in accordance with the requirements of the FRCP or the rules of this Court.

**37. Please provide any and all document[sic] involving Plaintiff's ownership and/or operation of a trucking company while he was employed by the Defendants.**

Plaintiff objects to this Request to the extent that it is overbroad, compound, unduly burdensome, vague, ambiguous, or capable of multiple interpretations; that it does not identify with particularity the information sought; that it lacks sufficient precision to allow Plaintiff to formulate an appropriate response; and/or that it is not calculated to lead to the discovery of admissible evidence.

Subject to and without waiving the foregoing general and specific objections, Plaintiff will produce non-privileged documents responsive to this Request after a reasonable search.

**38. Please provide any and all statements and memos relating to witnesses, potential witnesses, or any other individual(s) contacted in connection with Plaintiff's allegations as set forth in the Complaint. As to any documents alleged to be protected by attorney-client privilege, provide a privilege log.**

Plaintiff objects to this request as overly broad and unduly burdensome. Plaintiff further objects to this Request to the extent it seeks documents that are protected by the attorney-client privilege, the trial preparation privilege, the work-product doctrine, or any other applicable privileges, immunities or protective doctrines, or documents created after the commencement of this proceeding.

**39.  Please provide all documents exchanged between Plaintiff and any third party (other than Defendants) involving the allegations in this case.**

Plaintiff objects to the Discovery Requests to the extent that they define "Plaintiff" to include third parties that have not appeared in this action or purport to require the Plaintiff to search for or produce documents solely in the possession, custody, or control of third parties.

**40. For each person whom you will or may call as an expert to give an opinion and testimony in the trail of this matter, please provide information required by Fed. R. Civ. P. 26(a)(2)(B).**

Subject to and without waiving the foregoing general and specific objections, Plaintiff will supplement this response as it becomes available.

**41. Please provide any and all documents identified in Plaintiff's Initial Disclosure pursuant to Rule 26(a)(1) of the Federal Rules of Civil Procedure in this matter that have not been previously provided.**

Plaintiff objects to the Discovery Requests to the extent that they are overbroad, compound, unduly burdensome, vague, ambiguous, or capable of multiple interpretations; that they do not identify with particularity the information sought; that they lack sufficient precision to allow Plaintiff to formulate an appropriate response; and/or that they are not calculated to lead to the discovery of admissible evidence.

**42. Please provide any and all documents that Plaintiff contents support any of the allegations in the Complaint which have not been previously requested in this demand for production of documents, including Facebook posts, twitter statements, and other electronic media or devices.**

Plaintiff objects to the Discovery Requests to the extent that they are overbroad, compound, unduly burdensome, vague, ambiguous, or capable of multiple interpretations; that they do not identify with particularity the information sought; that they lack sufficient precision to allow Plaintiff to formulate an appropriate response; and/or that they are not calculated to lead to the discovery of admissible evidence.

Dated: Garden City, NY
December 20, 2019

Law Office of Jason Tenenbaum, P.C
Attorneys for Plaintiff
585 Stewart Ave. Ste. L50
Garden City NY 11530
516-750-0595

UNITED STATES DISTRICT COURT EASTERN DISTRICT OF NEW YORK

Index No. 19-cv-1288

WILLIAM BONILLA

                                Plaintiff,

    - Against -

OMNI RECYCLING OF BABYLON, INC., ANTHONY E CORE, BRIAN KNOLIS, AND JUDINE FEDERICHE,

                                Defendant(s).

**PLAINTIFF'S RESPONSE TO INTERROGATORY**

## **INTERROGATORY**

**1.    Identify each person who prepared or helped prepare the responses to these Interrogatories.**

Plaintiff's attorneys.

**2.    Identify all persons who possess knowledge of any of the allegations and claims described in the Complaint.**

Plaintiff objects to this interrogatory as overly broad and unduly burdensome and to the extent that it seeks information that is not relevant and not reasonably calculated to lead to the discovery of relevant, admissible evidence.

**3.    Identify all of Plaintiff's supervisors while employed by Omni Recycling of Babylon, Inc. (including each alleged supervisor's job titled and during which period of time such individual was a supervisor of Plaintiff).**

Subject to and without waiving the foregoing general and specific objections, Plaintiff responds that his supervisors while employed by Omni Recycling of Babylon, Inc. were Brian Knolis, Allen and Judine Federiche.

**4.     Identify all persons who scheduled Plaintiff's hours of work while he was employed by Omni Recycling. If more than one person scheduled Plaintiff's hours, please identify, by week, the person who scheduled Plaintiff's hours of work.**

Subject to and without waiving the foregoing general and specific objections, Plaintiff responds that the person who scheduled his hours of work was Brian Knolis.

**5.     Identify all weeks during the relevant time period in which Plaintiff allegedly worked more than 40 hours.**

Plaintiff objects to this interrogatory as overly broad and unduly burdensome and to the extent that it seeks information that is not relevant and not reasonably calculated to lead to the discovery of relevant, admissible evidence.

Subject to and without waiving the foregoing general and specific objections, see Plaintiff's spreadsheet annexed hereto as **"EXHIBIT A"**.

**6.     Identify all logbooks, timesheets, and any other documents that would accurately reflect the number of hours that Plaintiff worked each week.**

Plaintiff objects to this interrogatory as he is not in possession of the information sought. Plaintiff further objects to this Interrogatory to the extent that it seeks information already in the possession, custody, or control of the Defendant; call for duplicative information; and/or seek information already requested by the Defendant through discovery in this action or otherwise.

**7.     Identify all occasions in which Plaintiff complained about not receiving overtime wages, and on each such occasion, identify the individual to whom Plaintiff complained, and any witnesses to the complaint.**

Plaintiff objects to this interrogatory as overly broad and unduly burdensome and to the extent that it seeks information that is not relevant and not reasonably calculated to lead to the discovery of relevant, admissible evidence. Plaintiff further objects to this Interrogatory to the extent that it seeks information already in the possession, custody, or control of the Defendant; call for duplicative information; and/or seek information already requested by the Defendant through discovery in this action or otherwise.

**8.     Describe all of Plaintiff's job duties and responsibilities during the relevant time period.**

Subject to and without waiving the foregoing general and specific objections, Plaintiff responds that he performed manual labor as an employee of Omni Recycling Inc.

9.     **Identify all employees who reported to Plaintiff during the relevant time period.**

Subject to and without waiving the foregoing general and specific objections, Plaintiff responds that no employees reported to Plaintiff during the relevant time period.

10.    **Identify all employees that Plaintiff hired or recommended that they be hired during the relevant time period.**

Subject to and without waiving the foregoing general and specific objections, Plaintiff responds that Plaintiff neither hired nor recommended employees during the relevant time period.

11.    **Identify all employees that Plaintiff disciplined or recommended that they be disciplined during the relevant time period.**

Subject to and without waiving the foregoing general and specific objections,

Plaintiff responds that Plaintiff did not discipline employees or recommended that employees be disciplined during the relevant time period.

12.    **Identify all employees that Plaintiff terminated or recommended to terminate during the relevant time period.**

Subject to and without waiving the foregoing general and specific objections, Plaintiff responds that Plaintiff neither terminated nor recommended that employees be

terminated during the relevant time period.

**13.    Identify all employees that Plaintiff trained during the relevant time period.**

Subject to and without waiving the foregoing general and specific objections, Plaintiff responds that over Plaintiff's objections and under duress of his employer, Plaintiff had employees watch "security videos" for training purposes.

**14.    Identify all employees that Plaintiff supervised during the relevant time period.**

Subject to and without waiving the foregoing general and specific objections, Plaintiff responds that Plaintiff did not supervise employees during the relevant time period.

**15.    Identify all individuals who have knowledge or information relate to any of the allegations asserted in the Complaint indicating what knowledge that Plaintiff believes that person possesses.**

Subject to and without waiving the foregoing general and specific objections, Plaintiff responds that Plaintiff has knowledge or information related to any of the allegations asserted in the Complaint.

16.    **Identify all individuals with whom Plaintiff has discussed the allegations and claims contained in the Complaint, indicating what was discussed with Plaintiff and that individual.**

Plaintiff objects to this interrogatory as overly broad and unduly burdensome and to the extent that it seeks information that is not relevant and not reasonably calculated to lead to the discovery of relevant, admissible evidence. Plaintiff further objects to this interrogatory to the extent it seeks "all individuals" as it is argumentative, vague and ambiguous.

17.    **Identify, by name and title, all individuals that Plaintiff contends is "similarly situated" to Plaintiff with respect to the claims asserted in the Complaint.**

Plaintiff objects to this interrogatory as overly broad and unduly burdensome and to the extent that it seeks information that is not relevant and not reasonably calculated to lead to the discovery of relevant, admissible evidence.

18.    **Identify all individuals that Plaintiff intends to call as a witness at trial.**

Plaintiff objects to this interrogatory as overly broad and unduly burdensome and to the extent that it seeks information that is not relevant and not reasonably calculated to lead to the discovery of relevant, admissible evidence.

Subject to and without waiving the foregoing general and specific objections, Plaintiff will provide the information responsive to this Request at the time it becomes

available, if at all.

**19.  Identify all expert witnesses Plaintiff expects to call at trial and/or anyone else who has information relevant to the Plaintiff's case as well as Plaintiff's claim for damages that has not been previously identified.**

Plaintiff objects to this interrogatory as overly broad and unduly burdensome and to the extent that it seeks information that is not relevant and not reasonably calculated to lead to the discovery of relevant, admissible evidence. Plaintiff further objects to this interrogatory to the extent it seeks "anyone else" as it is argumentative, vague and ambiguous; that it does not identify with particularity the information sought; and that it lacks sufficient precision to allow Plaintiff to formulate an appropriate response.

Subject to and without waiving the foregoing general and specific objections, Plaintiff will supplement this interrogatory with the information sought at the time it becomes available, if at all.

**20.  If in response to any interrogatory you have refused any information or identity of any person, document or oral communication because of a claim of confidentiality or privilege, set forth in detail the facts and circumstances upon which you rely to support this claim.**

Plaintiff objects to this interrogatory as overly broad and unduly burdensome and to the extent that it seeks information that is not relevant and not reasonably calculated to lead to the discovery of relevant, admissible evidence. Plaintiff asserts the attorney-

client privilege based on his attorney's representation of this claim.

**21.     Identify all documents which Plaintiff contends supports the claims that he has asserted in the Complaint.**

Plaintiff objects to this interrogatory as overly broad and unduly burdensome and to the extent that it seeks information that is not relevant and not reasonably calculated to lead to the discovery of relevant, admissible evidence. Plaintiff further objects to this interrogatory to the extent it seeks "all documents," as it is argumentative, vague and ambiguous; that it does not identify with particularity the information sought; and that it lacks sufficient precision to allow Plaintiff to formulate an appropriate response.

**22.     Compute the total amount of unpaid wages owed to Plaintiff as alleged in the Complaint under the Fair Labor Standards Act ("FLSA"). In computing the total amount of overtime owed for each week where overtime is claimed to be owed to Plaintiff, indicate the number of hours Plaintiff worked each day of that week (including the starting and ending times of each day), the wages that Plaintiff was paid that week; the amount of wages that Plaintiff should have received that week; any dates or time during that week that Plaintiff was not paid overtime, and which Defendant or Defendants is responsible for the monies claimed that are owed.**

Subject to and without waiving the foregoing general and specific objections, see Plaintiff's spreadsheet annexed hereto as **"EXHIBIT A"**.

23.    **Compute the total amount of unpaid wages owed to Plaintiff as alleged in the Complaint under the New York Labor Law ("NYLL"). In computing the total amount of overtime owed for each week where overtime is claimed to be owed to Plaintiff, indicate the number of hours Plaintiff worked each day of that week (including the starting and ending times of each day), the wages that Plaintiff was paid that week; the amount of wages that Plaintiff should have received that week; any dates or time during that week that Plaintiff was not paid overtime, and which Defendant or Defendants is responsible for the monies claimed that are owed.**

Subject to and without waiving the foregoing general and specific objections, see Plaintiff's spreadsheet annexed hereto as "**EXHIBIT A**".

24.    **Describe the role that the individual defendants Anthony E. Core, Brian Knolis, and Judine Federiche had in determining the amount of monies that Plaintiff was to receive from Omni Recycling.**

Plaintiff objects to this interrogatory as overly broad and unduly burdensome and to the extent that it seeks information that is not relevant and not reasonably calculated to lead to the discovery of relevant, admissible evidence. Plaintiff further objects to this interrogatory to the extent that he is not in possession of the information sought.

Subject to and without waiving the foregoing general and specific objections, Plaintiff responds that either one or all of the above-named defendants determined the amount of monies Plaintiff was to receive from Omni Recycling.

Dated: Garden City, NY
December 20, 2019

Law Office of Jason Tenenbaum, P.C
Attorneys for Plaintiff
585 Stewart Ave. Ste. L50
Garden City NY 11530
516-750-0595

## VERIFICATION OF INTERROGATORY ANSWERS

I, William Bonilla, believe, based on reasonable inquiry, that the foregoing answers are true and correct to the best of my knowledge, information and belief. I verify under penalty of perjury that the foregoing is true and correct. The interrogatories have been translated from English to Spanish for me.

Executed on December 27, 2019

WBonilla

William Bonilla

UNITED STATES DISTRICT COURT EASTERN
DISTRICT OF NEW YORK

Index No.  19-cv-1288

WILLIAM BONILLA

                          Plaintiff,

    - Against -

OMNI RECYCLING OF BABYLON, INC., ANTHONY
E CORE, BRIAN KNOLIS, AND JUDINE FEDERICHE,

                          Defendant(s).

**PLAINTIFF'S RESPONSE TO
REQUEST FOR ADMISSIONS**

## REQUESTS TO ADMIT

1. **Admit that Plaintiff was paid on a salary basis during the relevant time period.**

   Deny

2. **Admit that Plaintiff interviewed employees.**

   Deny

3. **Admit that Plaintiff had the authority to hire employees.**

   Deny

4. **Admit that Plaintiff had the authority to fire employees.**

   Deny

5. **Admit that Plaintiff had the authority to discipline employees.**

   Deny

6. **Admit that Plaintiff was responsible for training employees.**

   Deny

7. **Admit that Plaintiff was responsible for supervising the work of other employees.**

Deny

8. **Admit that Plaintiff determined the schedule that other employees worked.**

Deny

9. **Admit that Plaintiff customarily exercised discretion in carrying out his duties.**

Deny

10. **Admit that Plaintiff regularly directed the work of at least two or more employees.**

Deny

11. **Admit that Plaintiff customarily handled employee complaints from people who he supervised.**

Deny

12. **Admit that Plaintiff never complained to his supervisors about not receiving overtime compensation.**

Deny

Dated: Garden City, NY
December 20, 2019

Law Office of Jason Tenenbaum, P.C
Attorneys for Plaintiff
585 Stewart Ave. Ste. L50
Garden City NY 11530
516-750-0595