# SETTLEMENT AGREEMENT

This Settlement Agreement ("Agreement") is made between and among William Bonilla ("Plaintiff") on the one hand, and Omni Recycling of Babylon, Inc., Anthony E. Core, Brian Nohs (incorrectly named as "Brian Knolis"), and Judine Federichie (collectively "Defendants") on the other.

**WHEREAS**, on July 23, 2019, Plaintiff commenced an action against Defendants in United States District Court, Eastern District of New York (Index No.: 19-CV-1288) ("the Action"); via Summons and Complaint, wherein he asserted various claims, including claims of alleged violations the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL").

**WHEREAS**, on June 24, 2019, Defendants filed an Answer to the Complaint, wherein they expressly denied that Plaintiff was entitled to any relief, and asserted Affirmative Defenses;

**WHEREAS**, the parties have reached an agreement-in-principle to resolve this case, and wish to further memorialize their resolution as set forth below:

## 1. Consideration to be provided to Plaintiff.

In consideration for the promises made by Plaintiff set forth in this Agreement, Defendant Omni Recycling agrees to pay Plaintiff the total sum of Forty Two Thousand Dollars ($42,000.00) ("the Settlement Payment"), which is be allocated follows: (a) $26,900.00 to Plaintiff; and (b) $15,100.00 to Plaintiff's counsel, for alleged attorney's fees, costs and disbursements. The Settlement Payment shall be made in one lump sum, within 30 days of the Court's approval of this Agreement, and the Court's filing of the Stipulation of Dismissal with Prejudice. Plaintiff's counsel shall make a motion for court approval of this Agreement. The Defendants will cooperate with Plaintiff's motion for approval.

The Settlement Payment will be delivered to Plaintiff's counsel's office, Jason Tenenbaum, Esq., The Law Office of Jason Tenenbaum, P.C., 585 Stewart Avenue, Suite L50, Garden City, NY 11530. The Settlement Payment will be allocated as follows: (1) one check payable to "William Bonilla" in the amount of $13,450.00, which is subject to W-2 deductions and withholdings; (2) one check payable to "William Bonilla" in the amount of $13,450.00 which is subject to IRS Form-1099 reporting; and (3) one check payable to "The Law Office of Jason Tenenbaum, P.C." in the amount of $15,100.00 for alleged attorney's fees, costs, and disbursements, which is subject to IRS Form-1099 reporting. Plaintiff and Plaintiff's counsel shall provide Defendants with a Form W-4 and Form W-9 for Plaintiff, and a Form W-9 for The Law Office of Jason Tenenbaum, P.C.

The parties agree that should any federal, state or local taxes be determined to be owed on the payment of the sums received by Plaintiff under this paragraph, Plaintiff shall be solely and completely responsible for the taxes, interest or penalties owed.

**2. <u>Adequate consideration.</u>**

Plaintiff expressly agrees and acknowledges that the consideration referred to in Paragraph 1 of the Agreement constitutes adequate and ample consideration for the rights and claims he is waiving under the Agreement and for the obligations imposed upon him by virtue of the Agreement. This valuable consideration represents a complete settlement, satisfaction, release, discharge, and waiver of all claims that he has asserted in this Action, including, but not limited to, all claims for allegedly unpaid wages, lost wages, benefits or other compensation, mental, physical or other personal injuries, pain and suffering, liquidated damages, emotional damages, punitive damages, attorneys' fees, costs, and any other relief which Plaintiff was seeking in this

Action against Defendants. Plaintiff expressly agrees and acknowledges that Defendants have promised to pay the consideration referred to in Paragraph 1 of the Agreement in exchange for the releases, waivers, and promises made by Plaintiff in this Agreement.

3. **Release.**

In consideration for the Settlement Payment to be provided pursuant to Paragraph 1 above, Plaintiff, for himself and for his heirs, executors, administrators, trustees, legal representatives, successors and assigns (hereinafter referred to collectively as "Releasors"), forever release and discharge Defendants, as well as Defendants' present, past, and/or former parent corporations, subsidiaries, divisions, affiliated entities, shareholders, successors, executors, officers, partners, members, managers, directors, agents, fiduciaries, owners, employees, representatives, and assigns (hereinafter referred to collectively as "Releasees"), from all claims that were asserted in this Action, including all claims relating to alleged unpaid wages and compensation, as well as any and all claims which could have been asserted under the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL").

4. **Claims Not Released**

Notwithstanding the foregoing, Plaintiff is not waiving or releasing: (i) any claims arising after this Agreement is executed; (ii) any claims which may arise in order to enforce this Agreement; and/or (iii) any claims or rights which cannot be waived by law.

5. **Filing of Stipulation of Dismissal**

Upon the execution of this Settlement Agreement, counsel for both parties agree to execute a Stipulation of Dismissal with Prejudice, annexed hereto as **Exhibit A.**

6. **No Admission of Liability**

Defendants expressly deny that the claims asserted by Plaintiff in this case have any merit whatsoever, and Defendants expressly deny that it engaged in any wrongdoing of any kind with respect to Plaintiff. The parties hereby agree and acknowledge that nothing contained in the Agreement or otherwise shall constitute or be construed as an admission of any alleged liability or wrongdoing by Defendants.

7. **No Disputes Pending or Assigned**

Plaintiff represents that, aside from this Action, he does not currently have pending before any court or before any federal, state, or local governmental agency any dispute of any kind against Defendants. Plaintiff further represents that he has not heretofore assigned or transferred, or purported to have assigned or transferred, to any entity or person any claim or dispute released by him herein.

8. **Governing Law and Interpretation**

The Agreement shall be governed by and construed in accordance with the laws of the State of New York. Its language shall be construed as a whole, according to its fair meaning, and not strictly for or against either party, regardless as to which party may have drafted the language in question.

9. **Severability**

Should any part of the Agreement be declared by a court of competent jurisdiction to be illegal or invalid, the remainder of the Agreement shall remain valid and in effect, with the invalid provision deemed to conform to a valid provision most closely approximating the intent of the invalid provision, or, if such conformity is not possible, then the invalid provision shall be deemed not to be a part of the Agreement.

10. **Disputes; Damages**

In any dispute concerning an alleged breach of the Agreement, the prevailing party shall be entitled to all remedies available at law, including reasonable attorneys' fees and costs.

11. **Advice of Counsel**

Plaintiff and Defendants acknowledge that they have had an opportunity to receive advice about the terms and legal effects of the Agreement from counsel of their choosing. Plaintiff and Defendants hereby represent that they have consulted their attorney(s) about the Agreement before signing it. The parties further acknowledge that they have read this Settlement Agreement in its entirety, that they have had an opportunity to discuss it with counsel, that they understand its terms, that they are fully competent to enter into it, that they have had a reasonable time within which to consider this Agreement and its terms before signing it.

12. **Voluntary Agreement**

The parties agree that they are signing this Agreement of their own free will, without coercion or duress, and voluntarily assent to all the terms and conditions contained herein.

**13. Entire Agreement**

The parties agree that this Agreement represents the complete understanding between the parties and no other promises or agreements shall be binding unless in writing and signed by the parties.

**14. Modifications and Amendments**

The Agreement cannot be modified, amended, terminated, or otherwise changed unless it is done so pursuant to a written document signed by both Plaintiff and Defendants.

**15. Counterparts**

This Agreement may be executed in counterparts, and delivered by facsimile or email, each of which shall be deemed an original and each of which shall together constitute one and the same agreement.

**16. Section Headings**

Section headings are used herein for reference only, and do not affect the meaning of any provision of this Agreement.

**17. Acknowledgment of Full Understanding.**

Plaintiff acknowledges and agrees that he has fully read, understands, and voluntarily enters into this Agreement. Plaintiff acknowledges and agrees that he has had an opportunity to ask questions and consult with an attorney before signing this Agreement. Plaintiff further acknowledges that his signature below is an agreement to release Defendants from any and all claims that can be released as a matter of law.

**WHEREFORE,** the parties hereto have voluntarily caused this Agreement to be signed as of the day and dates indicated below.

WILLIAM BONILLA

Name: William Bonilla

Signature: WBonilla

Date: 30-04-20

OMNI RECYCLING OF BABYLON, INC.

Name: [signature]

Title: President

Signature: Anthony E. Core

Date: May 11 2020

ANTHONY E. CORE

Name: [signature]

Signature: Anthony E Core

Date: May 11 2020

BRIAN NOHS

Name: Brian Nohs

Signature: [signature]

Date: 5-15-2020

JUDINE FREDERICHIE

Name: Judine Federici

Signature: [signature]

Date: 5-14-2020

# EXHIBIT A

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------------------X

WILLIAM BONILLA,

Plaintiff,

-against -

OMNI RECYCLING OF BABYLON, INC., ANTHONY E. CORE, BRIAN KNOLIS, and JUDINE FEDERICHIE,

Defendant.
--------------------------------------------------------------------X

**19-CV-1288 (SJF) (AKT)**

**STIPULATION & ORDER OF DISMISSAL**

**IT IS HEREBY STIPULATED AND AGREED**, by and between the undersigned counsel of record for Plaintiff and Defendants that any and all claims asserted by Plaintiff in the above entitled action are hereby discontinued and dismissed, with prejudice, as against Defendants, without costs or attorneys' fees to any party as against another.

Dated: May 6 , 2020
Garden City, NY

Jason Tenenbaum, Esq.

The Law Office of Jason Tenenbaum, P.C.
585 Stewart Avenue, Suite L50
Garden City, NY 11530
P: (516) 750-0595
F: (516) 414-2869

*Attorneys for Plaintiff*

Dated: May 15, 2020
New York, NY

Stuart Weinberger, Esq.

Goldberg and Weinberger LLP
630 Third Avenue, 18th Floor
New York, NY 10017
P: (212) 867-9595
F: (212) 949-1857

*Attorneys for Defendants*

SO ORDERED:

HON. JUDGE SANDRA J. FEUERSTEIN